HOWES BROTHERS HIDE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HOWES BROTHERS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25483, 28972. Promulgated August 22, 1929.

*Robert A. Littleton, Esq.*, and *James A. Councilor, C. P. A.*, for the petitioners.

*E. C. Lake, Esq.*, for the respondent.

OPINION.

MORRIS: These proceedings raise the question of the petitioners' right to affiliation with each other and with the Huntington Shoe & Leather Co. for the calendar years 1918 and 1920. Affiliation of two or more corporations is provided for by section 240 (b) of the Revenue Act of 1918, which states that corporations shall be deemed affiliated "(1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests."

The petitioners contend that since the Howes Brothers Co. had the right to redeem its first preferred stock at any time, that the five Howes brothers, who owned all the common stock and all the second preferred, owned and controlled substantially all the stock of Howes Brothers Co.; and that the Howes brothers, together with members of their families and relatives, owned or controlled 1,035 shares out of 1,200 shares of the common stock of the Huntington Shoe & Leather Co.

We are unable to agree with the petitioners' first contention, as it is our opinion that the *same interests* did not own or control substan-

tially all the stock of Howes Brothers Co. All of the capital stock of this company exercised voting rights, and the outstanding first preferred was equal to the total outstanding second preferred and common stock It is true that at all times the five Howes brothers owned and controlled 50 per cent of the voting stock, but the evidence fails to show that they ever had a beneficial interest in any substantial amount of first preferred stock. It must be admitted that the Howes brothers dominated the company, directed its policies, and managed its business, but the test of the statute makes no mention of these factors in laying down the rule governing affiliation. The statute provides that substantially all the stock must be owned or controlled by the same interests, and "substantially all" can not be construed to mean a bare majority.

Counsel would have us hold that, since the common stockholders had it within their power to call the first preferred for redemption at any time, they effectually controlled this class of stock within the meaning of section 240 (b) of the 1918 Act. It is undoubtedly true that the first preferred stockholders held their stock subject to call after proper notice, but it is just as true that this power was never exercised, and that the first preferred stockholders exercised their voting rights at every stockholders' meeting. The power or ability to control is not the control required by the statute, and it can not be said from the evidence before us that the first preferred stockholders were lacking in any of the elements of ownership of their stock. The fact that as a general rule the first preferred stockholders elected to vote by proxies is proof in and of itself that the Howes brothers did not have the control over the first preferred stock required by the statute. It should be further noted that the first preferred stockholders had the exclusive voting power in case of default in payment of dividends on their stock for a period of 18 months.

With respect to the Huntington Shoe & Leather Co., it appears that only two of the Howes brothers owned shares of its common stock, and an effort was made to show that 630 of the shares held by C. A. Sawyer, Jr., a nephew of the Howes brothers, were held by him as trustee for the Hide Co. and George C. Howes. Even if it be conceded that these 630 shares were owned or controlled by the same interests, it is our opinion that this fact would be insufficient to justify us in overruling the determination of the respondent. In view of the language used in numerous opinions of the Board and the courts, it is patent that, while friends, relatives, and business associates may concur in and work harmoniously with the management of the corporation, nevertheless, this control is not the control required by the statute, which refers to stock control. *Canyon Lumber Co.*, 1 B. T. A. 473; *Commissioner* v. *Adolph Hirsch & Co.*, 30 Fed. (2d) 645.

In deciding these proceedings we have considered the cases cited by counsel and especially our opinion in *Atlantic City Electric Co. et al.*, 15 B. T. A. 1084. In that case the minority stockholders represented less than 25 per cent in one company, and less than 30 per cent in the other company, of the voting stock, while in these proceedings the minority stockholders of the Howes Brothers Co. constitute something less than 50 per cent of the voting stock. In our opinion these proceedings are governed by the principles laid down in the *Hirsch* case, *supra*, and in *Ice Service Corporation* v. *Commissioner*, 30 Fed. (2d) 230, and, accordingly, we approve the determination of the respondent.

*Judgment will be entered for the respondent.*